AO 243 (Rev  09/17)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

## MOTION UNDER 28 U.S.C. § 2255 TO ~~VACATE, SET ASIDE,~~ OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

MAY 2 4 2024

CLERK, U.S. DISTRICT COURT
By _____

| United States District Court | District | Docket or Case No.: |
|---|---|---|
| Name *(under which you were convicted)*: ROBERTO CHAIREZ | | 3:20CR00495-M-1 |
| Place of Confinement: BEAUMONT CAMP,BEAUMONT TEXAS | | Prisoner No.: |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* ROBERTO CHAIREZ |

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    UNITED STATES  DISTRICT COURT,NORTHERN DISTRICT OF TEXAS,DALLAS DIV.

    (b) Criminal docket or case number (if you know): ___ 3:20-CR-00495-M-1 ___

2.  (a) Date of the judgment of conviction (if you know): _____
    (b) Date of sentencing: ___ AUGUST 30,2022 ___

3.  Length of sentence: ___ 144  MONTHS ___

4.  Nature of crime (all counts):

    21 USC 846,841 (a)(1)(b)(1)(B)
    18 USC 924(c)(1)(A)(1)

5.  (a) What was your plea? (Check one)
    (1) Not guilty [X]     (2) Guilty [ ]     (3) Nolo contendere (no contest) [ ]

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [X]

Page 2 of 13

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?      Yes [X]        No [ ]

9. If you did appeal, answer the following:

(a) Name of court: UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

(b) Docket or case number (if you know): 22-10856

(c) Result: appeal deinied

(d) Date of result (if you know): June 15, 2023

(e) Citation to the case (if you know): _____

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?      Yes [ ]      No [X]

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes [ ]    No [X]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ☐        No ☐

(2)  Second petition:        Yes ☐        No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**    INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Memorandum

(b) **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

---

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes [    ]      No [    ]

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

---

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

---

(3)   Did you receive a hearing on your motion, petition, or application?

Yes [    ]      No [    ]

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes [    ]      No [    ]

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [    ]      No [    ]

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

---

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

---

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐        No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐        No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐        No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐        No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐        No ☐

AO 243 (Rev. 09/17)

    (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

    (7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

 

 

_____

**GROUND FOUR:** _____

_____

  (a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

 

 

 

_____

  (b)  **Direct Appeal of Ground Four:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐     No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why:

_____

  (c)  **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐     No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

NONE

_____

AO 243 (Rev. 09/17)

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?          Yes ☐          No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At the preliminary hearing: John M Helms 8100 Carpenter Freeway Suite 200, Dallas Texas 75247

(b)  At the arraignment and plea: Michael C Lowe 700 N. Pearl Street Suite 2170 Dallas Texas 75201

(c)  At the trial: Paul looney,Wade B.Smith,Clay S. Conrad 11767 Katy Freeway suite 740, Houston Texas 77079

(d)  At sentencing: Paul Looney, Wade Smith,Clay Conrad

(e)  On appeal: Angela Laughlin Brown,1601 Elm Street Suite 4600 Dallas Texas, 75201

(f)  In any post-conviction proceeding:

(g)  On appeal from any ruling against you in a post-conviction proceeding:

16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☒          No ☐

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.

_____pro-se_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _MAY 14, 2024_ .
                                                                                                    (month, date, year)

Executed (signed) on _May 14, 2024_ (date)

_____Roberto Chairz_____
Signature of Movant
                    Roberto Chairz

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

The 2255 motion allows a defendant 4 grounds upon which he may
move to vacate,set aside or correct his sentence. These are
1) imposition of a sentence in violation of the Constitution
or the laws of the United States,2) lack of jurisdiction of the
district court that imposed the sentence,3) the imposition of the
sentence that is in excess of the maximum authorized by the law
and 4) the sentence is otherwise  subject to collateral attack.
( 28 USC 2255 United States v Placente,81 F 3d 555,558, 5th Circ
1996). section 2255 is an extraordinary measure and cannot be
used for errors that are not Constitutional or jurisdictional
if the errors could have been raised on direct appeal.
( United States v Stumf, 900 F 2d,842,845, 5th Circ. 1990).
To prevail on a  2255 motion the defendant must demonstrate
one of the above mentioned grounds has been violated. I am
filing this motion on the first grounds,that my Constitutional
Rights had been violated specifically the 5th,6th and 8th. I
am using this motion to collaterally attack my sentence by
bringing to the  courts attention incidents that affected my
judicial process and in turn my sentencing.

I am submitting to the court that Ineffective Assistance of
Counsel led to the circumstances of my Constitutional Rights
being violated. I understand that in order to prevail on a claim
of Ineffective Assistance of Counsel a movant must show that
1) counsels performance fell below an objective standard of
reasonableness and 2) counseld deficient performance prejudiced
his defense. ( Strickland v Washington 466 US 688,687-688 104
S.Ct.2052 80 Ed 2d 274,1994)

(1)

Proving Strickland is a prong procedure for a movant to demonstrate
deficient performance meaning that a strong presumption exists
that counsels conduct fell within a wide range of reasonable
professional assistance must be overcome as a large modicum of
deference is granted to counsels performance by the court.
(Kitchens v Johnson 190 F3d 698,701,5th Circ.1999). That is just
the first prong, the second prong which consists of showing that
counsels performance prejudiced the defense is more daunting. To
show prejudice there must be a resonable probability that but for
counsels professional errors, the result of the proceedings would
have been different.Id at 687. ( Lamb v Johnson 179 F3d 352,359
5th Circ.). I feel that my allegations have merit on both of the
criteria set forth under Strickland and at a minimum I should be
granted an evidentiary hearing which would allow the record to be
expanded from which the court may better assess my allegations.

The allegation of Ineffective Assistance of Counsel affects
more than one team of attorneys that were to advise and defend me.
Firstly, John M Helms acted as my counsel. He advised me that the
only way that the  government would accept any plea agreement was
if I would co-operate with them. I refused to enter into this type
of agreement and discharged Mr. Helms. I was then represented by
Michael C. Lowe. In our discussions he also stated that the govern-
ment wanted a plea agreement  which also consisted of my co-operating
with them. He further went on to state that if I did not take a plea
deal which included my co-operating with the  government to
recieve a sentence of only 5 years that he would not defend me. He
appeared to be threatening me and not looking into any defense

(2)

but was looking to see what would be beneficial to the prosecution.
He was also discharged. My trial attorneys consisted of Wade Smith,
Clay Conrad and Paul Looney . In our preparation for trial, my
new defense team there was mention  of a plea agreement on mul-
tiple occasions. Each time the topic was broached I told my
counsels that I would not enter into an agreement and would proceed
to trial, much to their confusion. Conrad,Smith and Looney at no
time brought up any stipulation of co-operation with the governemnt
as being part of any agreement. My declining to enter into any
agreement had been tainted by previous counsels insistance that
co-operation was part of any deal with the government.

I proceede to trial and was found guilty of the charges on which
I was indicted, violation of 21 USC 846,841(a)(1),(b)(1)(B) and
18 USC 924 (c)(1)(A)(1)(i). In meeting with counsel post trial
and pre-sentencing I made them aware of why I did not and would
not accept entering into a plea agreement early in my defense
preparation. Only then were they made aware that I was led to
believe that the only way the government would consider a plea
agreement  was if AND ONLY if I would co-operate with them. Mr
Conrad brought it my attention that this was not true and did
not know where I had been given that misinformation. I informed
him about the conversations with my previous now fired counsels
and that both of them made the same stipulations. Mr. Conrad
informed me that this was grossly negligent on the part of my
previous representation to even suggest that THE ONLY thing
that would lead a plea agreement with the government was
co-operating.

(3)

The court can see this in the letter submitted from Mr. Conrad
titled DEFENDANTS SENTENCING OBJECTIONS.( submitted)
It is with this knowledge of providing me with misinformation
and misleading me that I bring forth this motion for Ineffective
Assistance of Counsel. The Sixth amendment gurantees a defendant
the right to have counsel present at all critical stages of the
criminal proceedings. By misinforming me and misleading me, in
essence lying to me Mr. Helms and Mr. Lowe failed to guide me
thru a process that is important, the plea agreement process. And
in failing to do so fulfilled the first prong of Strickland. The
second prong of Strickland , the more difficlt one to ascertain
was also fulfilled. I will explain. Had Helms and Lowe been honest
in their presentation of a plea agreement, there is a reasonable
probability that I would have submitted and entered into a plea
agreement and in doing so the results of the proceedings would have
been different as far as the amount of time the court would have
sentenced me to.

Furthermore I am alleging that my trial counsel, Smith ,Conrad
and Looney were also Ineffective in their Assistance of my defense.
This allegation is substantiated by Mr. Conrads letter to the
court where he acknowledges their deficiency and that they "fell
below a reasonable standard of attorney performance" They,Smith
Looney and Conrad admit that it was their responsibilty to ensure
that I was properly advised and informed at all times of all the
ramifications of my pleading guilty. They ,by their own admission
had no idea  that the waters had be muddied towards a plea
agreement by my previous counsels misinforming me until post
trial conversations. I am aware that claims brought forth of

(4)

counsels misinforming a defendant cannot be conclusory in nature
which mine are not. The 5th circuit has made it clear that con-
clusory allegations of Ineffective Assistance of Counsel do not
raise a Constitutional issue in a federal habeas proceeding.
( Mileer v johnson 200 F 3d,274,282 5th Circ.2000). Prejudicial
analysis should focus on counsels constitutionally ineffective
performance and how it affected the outcome of the plea
process.( Hill v Lockhart 474 US 52,57 106 Sct. 366, 88Led 2nd
203,1985) It is within this context that I believe the prejudicial
prong of Strickland is also overcome and thus my 2255 motion should
be granted. In submitting this motion I undertsand that prior to
it being granted that an evidentiary hearing may be granted. I
am therefore also submitting a request for an evidentiary hearing.
Requesting an evidentiary hearing is a defendants right and is
entitled to this on his 2255 motion only if he presents
independent indicia of the likely merit of his allegations.
( United States V Cavett 550,F 3d 430,442, 5th Circ. 2008) The
letter submitted by Mr. Conrad should suffice as the indicia that
the court could and should use to grant an evidentiary hearing

It is with the above mentioned facts that i humbly submit this
2255 motion.  This motion is being submitted pro se

Roberto Chairez
# 15248-509
USP Satelitte Camp- Beaumont Camp
6200 Knauth Road  PO Box 26010
Beaumont Texas  77720-6010

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | )( | |
| vs. | )( | CAUSE NO. 3:20CR00495-M-1 |
| ROBERTO CHAIREZ | )( | |

## DEFENDANT'S SENTENCING OBJECTIONS

TO:  HONORABLE BARBARA LYNN, PRESIDING
UNITED STATES DISTRICT JUDGE

Roberto Chairez, Defendant, by and through Counsel, Clay S. Conrad, files the following Sentencing Memorandum in this case:

1.     In discussions with the Defendant, post-trial, it was learned by Counsel that he would have pleaded guilty but for a misunderstanding on his part. He believed he would have been required to cooperate with the Government had he pleaded guilty.

2.     The undersigned, as well as Mr. Wade Smith and Mr. Paul Looney, had all recommended to the Defendant that he plead guilty. We had multiple discussions with him concerning the advantages of his doing so, and repeatedly informed him that he had no viable defense. The decision, of course, was his, and we did the best we could with an unwinnable case. However, we could never understand why he was insisting on going to trial.

3.     We all believe that by failing to inform him that he would not have to cooperate after pleading guilty, we fell below a reasonable standard of attorney performance. It was our responsibility to ensure that he was properly advised as to all ramifications of his pleading guilty. We believed he had done so at the time of his decision. Obviously, we missed a crucial element that was in fact the most important factor in Mr. Chairez' consideration.

4.      We believe that a Motion for New Trial, and/or a Writ of Habeas Corpus, would show that Mr. Chairez was under a misconception as to what pleading guilty would entail, and that misconception – which we should have alleviated – is the sole reason Mr. Chairez did *not* take advantage of the plea agreement he was offered. It is the sole reason Mr. Chairez pleaded *not guilty* and went to trial in this case.

5.      The undersigned has met with Mr. Chairez, at the Limestone County Detention Center, on July 11, 2021, in preparation for sentencing. I discussed this with him at length at that time. He has informed me that if he did not know he would not be required to cooperate with investigators to plead guilty, he would have followed our advice and pled guilty in this matter.

6.      We believe the proper drug quantity amount would be four kilograms of cocaine in this case. Testimony concerning prior dealings was unreliable and speculative, at best.

Respectfully submitted,

_____*Clay S. Conrad*_____
**Clay S. Conrad**
**TBA # 00795301**
**LOONEY & CONRAD, PC**
**11767 Katy Frwy, Suite 740**
**Houston, Texas 77079**
**(281) 597-8818 (Office)**
**(281) 597-8284 (Telefax)**
*csconrad@looneyconrad.com*

## PROOF OF SERVICE

A true and correct copy of this document was duly served upon A.U.S.A. John Hull via email at the time of e-filing with the Clerk of the Court.

_____*Clay S. Conrad*_____
**Clay S. Conrad**
**Counsel for the Defendant**



Roberto Chairez
#15248.509   Unit-GC
FPC Beaumont Camp
P.O. Box 26010
Beaumont, Texas 77720

RECEIVED - 6

MAY 2 4 2024

MAILROOM

United States district court
office of the clerk
Northern district of Texas
1100 Commerce St. RM 1452
Dallas, Texas 75242-1310